IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DANIEL R. PAPELINO, *et al.*,

                   Plaintiffs,

                                    Civil Action No.
                                    5:01-CV-0909 (NAM/DEP)

    vs.

ALBANY COLLEGE OF PHARMACY
OF UNION UNIVERSITY, *et al.*,

                   Defendants.

_____

APPEARANCES:                 OF COUNSEL:

FOR PLAINTIFFS PAPELINO & YU

GREENE, HERSHDORFER LAW FIRM   THOMAS J. MURPHY, ESQ.
185 Genesee Street
Suite 1400
Utica, NY 13501-2194

CARL BASILE, *Pro Se*
137 Northumberland Drive
Toms River, NJ 08757

FOR DEFENDANTS:

OFFICE OF GENERAL COUNSEL     GERALD H. KATZMAN, ESQ.
ALBANY COLLEGE OF PHARMACY
106 New Scotland Ave.
Albany, NY 12208-3492

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

This action, which was filed on June 7, 2001, remains pending before the court.  Delays in the case have been occasioned for several reasons, including the filing of dispositive motions and multiple substitutions of attorneys representing the plaintiffs.  The case is currently subject to a scheduling order issued on August 10, 2006 establishing, *inter alia*, deadlines of September 29, 2006 for completion of all fact discovery, and January 31, 2007 for the filing of dispositive motions.

Plaintiffs Daniel R. Papelino and Michael Yu are currently represented in the matter by Thomas J. Murphy, Esq.  Plaintiff Carl Basile, however, is not represented by counsel, having elected instead to proceed *pro se*.  While plaintiff Basile apparently moved to Hong Kong in February of 2005, he is now reportedly living in Toms River, New Jersey.  Basile has notified the court on several occasions, including by letter dated February 13, 2006 (Dkt. No. 141) and another sent in August of 2006 (undocketed) of his intention not to pursue the claims set forth in his complaint against the Albany College of Pharmacy of Union University and the various other defendants named in the action.  Despite encouragement by the court, however, plaintiff Basile and defendants'

2

counsel have been unable to negotiate a mutually acceptable stipulation of discontinuance of Mr. Basile's claims in the action.

The court recently undertook efforts to schedule a telephone conference to address an issue which has arisen in the case.  In an email communication sent in response to those efforts, plaintiff Basile reiterated to the court, as stated in his prior letters, his desire not to pursue his claims in this action any further.[1]  In that communication, plaintiff Basile also informed the court that it is impossible for him to participate in any conferences scheduled by the court unless they are conducted at or after 6:00 pm on weekdays, or on Saturdays.

The court notes that issue has been joined in connection with plaintiff's most recent, second amended complaint (Dkt. No. 122), and that in their answer defendants have asserted two counterclaims against the plaintiffs.  Those counterclaims, however, merely seek costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and sanctions under Rule 11 of the Federal Rules of Civil Procedure; neither of those counterclaims requests substantive relief, nor do they involve relief which could not be

---

[1]     That e-mail communication does not appear to have been copied to attorneys for Basile's co-plaintiffs and the defendants.  Plaintiff Basile is reminded of the importance of reflecting proof of such service upon all communications directed to the court.

awarded by the court even absent the interposition of those counterclaims.

Based upon these circumstances and plaintiff Basile's manifest disinterest in the case, it is hereby

RECOMMENDED that the claims of plaintiff Carl Basile in this action be DISMISSED, with prejudice but with leave to the defendants to seek an award of costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, as well as costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and/or Rule 11 of the Federal Rules of Civil Procedure, or based upon the court's inherent powers to award such relief.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within Ten (10) days.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e) and 72; *Roland v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk is directed to promptly forward copies of this order to the parties by electronic means and to *pro se* plaintiff Basile by first class mail.

Dated:     September 6, 2006
           Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\Civil\2001\01-CV-0909\order7.wpd

5