IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DANIEL R. PAPELINO, *et al.*,

        Plaintiffs,

    vs.

ALBANY COLLEGE OF PHARMACY
OF UNION UNIVERSITY, *et al.*,

        Defendants.

Civil Action No.
5:01-CV-0909 (NAM/DEP)

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFFS PAPELINO & YU: | |
| MACKENZIE HUGHES LAW FIRM<br>101 South Salina St.<br>PO Box 4967<br>Syracuse, NY 13221-4967 | JACQUELINE B. JONES, ESQ. |
| CARL BASILE, *pro se* | |
| FOR DEFENDANTS: | |
| OFFICE OF GENERAL COUNSEL<br>ALBANY COLLEGE OF PHARMACY<br>106 New Scotland Ave.<br>Albany, NY 12208-3492 | GERALD H. KATZMAN, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

On August 2, 2006 defendants' counsel in this matter, Gerald H. Katzman, Esq., wrote to the court, and to plaintiffs Daniel R. Papelino, Michael Yu and Carl Basile – each of whom was then unrepresented – advising of the death of one of the defendants in the action, Dean Albert M. White, on July 29, 2006. *See* Dkt. No. 148. During a telephone conference conducted on August 10, 2006 involving Thomas Murphy, Esq., and Sherry Bruce, Esq., who at the time were representing plaintiffs Papelino and Yu, the death of defendant White was discussed, and I pointed out that any motion for substitution of an appropriate estate representative in the place of the deceased defendant must be made within ninety days of the date of the suggestion of his death.[1] *See* Dkt. Minute Entry dated 8/10/06. Despite passage of more than ninety days since notice was given advising plaintiffs of defendant White's death, no motion has been received by the court seeking substitution of an appropriate representative of his estate.

Rule 25(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that

---

[1] Despite being notified of that telephone conference plaintiff Basile, who was at the time, and remains, *pro se*, chose not to participate.

> [i]f a party dies and the claim is not thereby
> extinguished, the court may order substitution of
> the proper parties. . . . Unless the motion for
> substitution is made not later than 90 days after
> the death is suggested upon the record by service
> of a statement of the fact of the death . . . the
> action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a)(1); *see Graham v. Henderson*, 224 F.R.D. 59, 63, 64 (N.D.N.Y. 2004) (Munson, S.J.). Although it is unclear whether the tort claim asserted in plaintiffs' second amended complaint survives his death, plaintiffs were obligated to comply with this provision in the event of their desire to pursue them as against an appropriate representative of his estate.

In light of the fact that more than ninety days has passed since the suggestion of defendant White's death, without the filing of a motion for substitution, plaintiffs' claims against him are subject to dismissal. It is therefore hereby

RECOMMENDED that plaintiffs' claims against defendant Albert M. White in this action be dismissed, with prejudice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court within Ten (10) days. FAILURE TO SO

OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e) and 72; *Roland v. Racette*, 984 F.2d 85 (2d Cir. 1993).

　　　　　　　　　　　　　　　　　　／s／ David E. Peebles
　　　　　　　　　　　　　　　　　　David E. Peebles
　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

Dated:　　November 9, 2006
　　　　　　Syracuse, NY