UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIEL R. PAPELINO, MICHAEL YU and
CARL BASILE,

                              Plaintiffs,
       - against -                                             5:01-CV-909

ALBANY COLLEGE OF PHARMACY OF UNION
UNIVERSITY, JAMES GOZZO, individually and as President
of Albany College of Union University, HOWARD D. COLBY,
individually and as Associate Dean for Academic Affairs,
ALBERT WHITE, individually and as Dean of Students,
ELISABETH VINES, individually and as Faculty Advisor to
the Student Honor Committee, and THOMAS DALTON,
individually and as Chairperson of the Appellate Board,

                              Defendants.
_____

**APPEARANCES:**                                     **OF COUNSEL:**

MACKENZIE HUGHES LAW FIRM             JACQUELINE B. JONES, ESQ.
*Counsel for Plaintiffs Papelino & Yu*
101 South Salina Street
P.O. Box 4967
Syracuse, New York  13221-4967

CARL BASILE
*Plaintiff pro se*
137 Northumberland Drive
Toms River, New Jersey  08757

ALBANY COLLEGE OF PHARMACY              GERALD H. KATZMAN, ESQ.
OFFICE OF GENERAL COUNSEL
106 New Scotland Avenue
Albany, New York  12208-3492

**NORMAN A. MORDUE, Chief Judge:**

### MEMORANDUM-DECISION AND ORDER

     Presently before the Court for review are two Report-Recommendations from the Hon.

David E. Peebles, United States Magistrate Judge.  In the first Report-Recommendation, filed

Sept. 6, 2006, Magistrate Judge Peebles recommends dismissal of the claims of plaintiff Carl Basile based on several letters Mr. Basile has sent to the Court indicating he is no longer interested in pursuing these claims.  Plaintiff Basile filed a timely objection to this Report-Recommendation.  Defendants did not object.  In the second recommended order, filed Nov. 9, 2006, Magistrate Judge Peebles recommends dismissal of the remaining two plaintiffs' claims against deceased defendant Albert White based on plaintiffs' failure to move for substitution of an appropriate estate representative.  No party filed objections to the second Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part of a magistrate judge's report-recommendation to which a party specifically objects.  However, "[w]hen parties make only frivolous, conclusive or general objections, the court reviews the report-recommendation for clear error."  *See Brown v. Peters*, 1997 WL 599355 at *2 (N.D.N.Y. 1997) (Pooler, J.) (citing *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y.1992)); *see also Greene v. WCI Holdings Corp.*, 956 F.Supp. 509, 513 (S.D.N.Y. 1997).  Failure to object timely to any portion of a magistrate's report-recommendation operates as a waiver of further judicial review of those matters.  *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Secretary of Health & Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989).

The facts and procedural background of the Sept. 6, 2006, recommended order are set forth in the Report-Recommendation prepared by Magistrate Judge Peebles which this Court adopts:

> This action, which was filed on June 7, 2001, remains pending before the court.  Delays in the case have been occasioned for

several reasons, including the filing of dispositive motions and multiple substitutions of attorneys representing the plaintiffs. The case is currently subject to a scheduling order issued on August 10, 2006 establishing, inter alia, deadlines of September 29, 2006 for completion of all fact discovery, and January 31, 2007 for the filing of dispositive motions.

Plaintiffs Daniel R. Papelino and Michael Yu are currently represented in the matter by Thomas J. Murphy, Esq. Plaintiff Carl Basile, however, is not represented by counsel, having elected instead to proceed pro se. While plaintiff Basile apparently moved to Hong Kong in February of 2005, he is now reportedly living in Toms River, New Jersey. Basile has notified the court on several occasions, including by letter dated February 13, 2006 (Dkt. No. 141) and another sent in August of 2006 (undocketed) of his intention not to pursue the claims set forth in his complaint against the Albany College of Pharmacy of Union University and the various other defendants named in the action.  Despite encouragement by the court, however, plaintiff Basile and defendants' counsel have been unable to negotiate a mutually acceptable stipulation of discontinuance of Mr. Basile's claims in the action.

The court recently undertook efforts to schedule a telephone conference to address an issue which has arisen in the case.  In an email communication sent in response to those efforts, plaintiff Basile reiterated to the court, as stated in his prior letters, his desire not to pursue his claims in this action any further.  In that communication, plaintiff Basile also informed the court that it is impossible for him to participate in any conferences scheduled by the court unless they are conducted at or after 6:00 pm on weekdays, or on Saturdays.

The court notes that issue has been joined in connection with plaintiff's most recent, second amended complaint (Dkt. No. 122), and that in their answer defendants have asserted two counterclaims against the plaintiffs. Those counterclaims, however, merely seek costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and sanctions under Rule 11 of the Federal Rules of Civil Procedure; neither of those counterclaims requests substantive relief, nor do they involve relief which could not be awarded by the court even absent the interposition of those counterclaims.

-3-

Based upon these circumstances and plaintiff Basile's "manifest disinterest in the case," Magistrate Judge Peebles recommended dismissal of Basile's claims with prejudice, but with preservation of defendants' right to seek costs and attorneys fees against plaintiff Basile as set forth in defendants' counterclaims to the second amended complaint.

In the first instance, plaintiff Basile objects to the Magistrate Judge's use of the phrase "manifest disinterest." According to plaintiff Basile, he is not disinterested in pursuing the present litigation nor does he concede that his claims lack merit. Rather, plaintiff Basile seeks dismissal from the action based on his former attorney's advice to him that he "had no causes of action as a matter of law" because he was not a registered pharmacist nor was he pursuing a career as a pharmacist. Deeming the various communications to the Court filed by *pro se* plaintiff Basile as notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41, and plaintiff Basile has not disavowed his desire to cease litigating his claims against defendants, the Court concludes that plaintiff's interest or disinterest in the merits of the present litigation is irrelevant.

Plaintiff Basile also objects to the Report-Recommendation on the ground that while the dismissal of his claims contemplated by the recommended order is on the merits, with prejudice, defendants' right to pursue their counterclaims against him for costs and attorneys fees is preserved. As noted by the Magistrate Judge, however, these claims may "remain pending for independent adjudication by the Court" in spite of the discontinuation of plaintiff Basile's claims. Fed. R. Civ. Proc. 41(a)(2).

Based thereupon, it is hereby

ORDERED that the Report-Recommendation of Magistrate Judge Peebles dated Sept.

6, 2006, is adopted in its entirety after *de novo* review based upon the reasons set forth by the Magistrate Judge in his Report-Recommendation; and it is further

ORDERED that the Report-Recommendation of Magistrate Judge Peebles dated Nov. 9, 2006, is adopted in its entirety based upon the reasons set forth by the Magistrate Judge in his Report-Recommendation and upon the failure of any party to file timely objections; and it is further

ORDERED that plaintiff Basile's claims against defendants herein as set forth in the second amended complaint are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: March 27, 2007
      Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge